IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TECHNOLOGY INNOVATIONS ASSOCIATES LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>KYOCERA CORPORATION, KYOCERA INTERNATIONAL, INC. and KYOCERA COMMUNICATIONS, INC.<br><br>    Defendants. | C.A. No. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Technology Innovations Associates, LLC ("Technology Innovations") alleges the following for its complaint against Defendants Kyocera Corporation, Kyocera International, Inc. and Kyocera Communications, Inc. (collectively, "Kyocera").

## THE PARTIES

1. Plaintiff Technology Innovations is a limited liability company formed under the laws of the state of Delaware having its principal place of business at 21301 S. Tamiami Trail, #320 MS 337, Estero, FL 33928.

2. Defendant Kyocera Corporation is a corporation organized under the laws of Japan with a principal office at 6 Takeda Tobadono-cho, Fushimi-ku, Kyoto-shi 612-8501 Japan. On information and belief, Defendant Kyocera Corporation conducts business in the United States generally and in this District through its subsidiaries, including the other named Defendants.

3. Defendant Kyocera International, Inc. is a corporation organized under the laws of the state of California with a principal office at 8611 Balboa Avenue, San Diego, CA 92123. Defendant Kyocera International, Inc. may be served with process via its registered agent CT Corporation System, 818 W. Seventh Street, Los Angeles, CA 90017.

4. Defendant Kyocera Communications, Inc. is a corporation organized under the laws of the state of Delaware with a principal place of business at 9520 Towne Centre Drive, San Diego, CA 92121. Defendant Kyocera Communications, Inc. may be served with process via its registered agent Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

## JURISDICTION AND VENUE

5. This is a patent infringement action. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1338.

6. The Court has personal jurisdiction over Defendants under the Delaware long arm statute as they have availed themselves of the rights and benefits of this District by conducting business in this jurisdiction, including by having their products in at least one physical location within this District. Defendants also conduct business in this District by promoting products for sale via the internet, which are accessible to and accessed by residents of this District. Defendant Kyocera Communications, Inc. is additionally subject to personal jurisdiction, because it is incorporated in this State.

7. Venue is proper in this District pursuant to 28 U.S.C. §§1391(b)-(c) and §1400(b), because Defendants reside in this District and substantial acts of infringement have occurred in this District.

## COUNT ONE
## <u>INFRINGEMENT OF U.S. PATENT NO. 7,840,619</u>

8. On November 23, 2010, U.S. Patent No. 7,840,619 (the "'619 Patent") entitled "Computer System for Automatic Organization, Indexing and Viewing of Information From Multiple Sources" was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '619 Patent is attached as Exhibit A hereto.

9. Plaintiff Technology Innovations is the sole and exclusive licensee of the '619 Patent and holds the exclusive right to take all actions, including the filing of this patent infringement lawsuit, necessary to enforce its rights to the '619 Patent. Technology Innovations also has the right to recover all damages for past, present, and future infringement of the '619 Patent and to seek injunctive relief as appropriate under the law.

10. Defendants have infringed and continue to directly infringe the '619 Patent by manufacturing, selling, offering for sale, and/or importing products running the Android operating system that come with pre-installed applications including, for example, at least one of Gmail, People, and Calendar, that utilize a hierarchical data viewing system or group structure that enables a user to more easily remain oriented to the level of a list he/she is viewing while scrolling through items in that list. Accused products include at least the following Kyocera brand smart phones, tablets, and/or devices: Milano C5120, Milano C5121, Hydro C5170, Rise C5155, Hydro 5171, Sanyo Zio, Zio M6000 and Event C5133. Such products are covered by one or more claims of the '619 Patent, including but not limited to Claim 1.

11. Defendants' acts of manufacturing, selling, offering to sell, and/or importing the products, either directly or through their subsidiaries, into the United States are without the permission of Technology Innovations and constitute infringement under 35 U.S.C. §271 for which Kyocera is liable.

12. As a result of Kyocera's infringement, Plaintiff Technology Innovations has been damaged monetarily and is entitled to adequate compensation of no less than a reasonable royalty pursuant to 35 U.S.C. § 284.

## COUNT TWO
## INFRINGEMENT OF U.S. PATENT NO. 8,280,932

13. On October 2, 2012, U.S. Patent No. 8,280,932 (the "'932 Patent") entitled "Computer System for Automatic Organization, Indexing and Viewing Multiple Objects From Multiple Sources" was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '932 Patent is attached as Exhibit B hereto.

14. Plaintiff Technology Innovations is the sole and exclusive licensee of the '932 Patent and holds the exclusive right to take all actions, including the filing of this patent infringement lawsuit, necessary to enforce its rights to the '932 Patent. Technology Innovations also has the right to recover all damages for past, present, and future infringement of the '932 Patent and to seek injunctive relief as appropriate under the law.

15. Defendants have infringed and continue to directly infringe the '932 Patent by manufacturing, selling, offering for sale, and/or importing products running the Android operating system that come with pre-installed applications including, for example, at least one of Gmail, People, and Calendar, that utilize a hierarchical data viewing system or group structure that enables a user to more easily remain oriented to the level of a list he/she is viewing while scrolling through items in that list. Accused products include at least the following Kyocera brand smart phones, tablets, and/or devices: Milano C5120, Milano C5121, Hydro C5170, Rise C5155, Hydro 5171, Sanyo Zio, Zio M6000 and Event C5133. Such products are covered by one or more claims of the '932 Patent, including but not limited to Claim 1.

16. Defendants' acts of manufacturing, selling, offering to sell, and/or importing the products, either directly or through their subsidiaries, into the United States are without the permission of Technology Innovations and constitute infringement under 35 U.S.C. §271 for which Kyocera is liable.

17. As a result of Kyocera's infringement, Plaintiff Technology Innovations has been damaged monetarily and is entitled to adequate compensation of no less than a reasonable royalty pursuant to 35 U.S.C. § 284.

## JURY DEMAND

Plaintiff requests a jury on all issues so triable.

## PRAYER

WHEREFORE, Plaintiff respectfully requests that the Court:

- Enter judgment that Kyocera has infringed, either literally or by equivalents, the '619 Patent and the '932 Patent;

- Award Plaintiff damages for Kyocera's infringement in an amount to be determined at trial, including enhanced damages, costs, and pre and post-judgment interest; and

- Award any other relief deemed just and proper.

| | |
|---|---|
| March 1, 2013 | BAYARD, P.A. |
| Of Counsel: | /s/ Stephen B. Brauerman (sb4952) <br> Richard D. Kirk (rk0922) |
| Paul V. Storm <br> Sarah M. Paxson <br> GARDERE WYNNE SEWELL LLP <br> 1601 Elm Street, Suite 3000 <br> Dallas, Texas 75201 <br> (214) 999-3000 <br> pvstorm@gardere.com <br> spaxson@gardere.com | Stephen B. Brauerman (sb4952) <br> Vanessa R. Tiradentes (vt5398) <br> 222 Delaware Avenue, Suite 900 <br> Wilmington, DE 19801 <br> (302) 655-5000 <br> rkirk@bayardlaw.com <br> sbrauerman@bayardlaw.com <br> vtiradentes@bayardlaw.com |
| | **ATTORNEYS FOR PLAINTIFF** |