IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TECHNOLOGY INNOVATIONS ASSOCIATES LLC, ) ) ) Plaintiff, ) ) v. ) ) KYOCERA COMMUNICATIONS, INC., ) ) Defendant. ) | C.A. No. 13-350 (LPS) |

**DEFENDANT KYOCERA COMMUNICATIONS, INC.'S
ANSWER, ADDITIONAL DEFENSES, AND COUNTERCLAIMS
TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

Defendant Kyocera Communications, Inc. ("KCI") hereby answers the Complaint ("Complaint") filed by Plaintiff Technology Innovations Associates LLC ("TIA") as follows:

**THE PARTIES**

1. KCI is without knowledge or information sufficient to form a belief regarding the allegations of paragraph 1 of the Complaint, and on that basis denies those allegations.

2. KCI states that paragraph 2 of the Complaint does not contain any allegations directed to KCI and therefore requires no answer from KCI. To the extent paragraph 2 of the Complaint contains any allegations directed to KCI, KCI denies those allegations.

3. KCI states that paragraph 3 of the Complaint does not contain any allegations directed to KCI and therefore requires no answer from KCI.

4. Admitted.

## JURISDICTION AND VENUE

5. KCI admits that the Complaint purports to set forth a patent infringement action for which this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338, but denies that Plaintiff's action against KCI has merit.

6. To the extent paragraph 6 of the Complaint contains allegations directed to KCI, KCI admits that it is a Delaware corporation and that, for the purpose of this action, this Court has personal jurisdiction over KCI. KCI states that paragraph 6 of the Complaint contains allegations directed to other defendants to which no answer is required from KCI.

7. To the extent paragraph 7 of the Complaint contains allegations directed to KCI, KCI admits it is a Delaware corporation and that venue is proper in this district with respect to KCI. KCI denies that venue is convenient in this district, and KCI reserves the right to seek a transfer of venue. KCI denies the remaining allegations of paragraph 7 of the Complaint that relate to KCI, including that KCI has allegedly committed acts of patent infringement in this District. KCI states that paragraph 7 of the Complaint contains allegations directed to other defendants to which no answer is required from KCI.

## COUNT ONE
### INFRINGEMENT OF U.S. PATENT NO. 7,840,619

8. KCI admits that U.S. Patent No. 7,840,619 ("the '619 patent") is entitled "Computer System for Automatic Organization, Indexing and Viewing of Information From Multiple Sources" and issued on November 23, 2010. KCI admits that an alleged copy of the '619 patent is attached to the Complaint as Exhibit A. KCI denies all remaining allegations of paragraph 8 of the Complaint.

9. KCI is without knowledge or information sufficient to form a belief regarding the allegations of paragraph 9 of the Complaint, and on that basis denies those allegations.

10. To the extent paragraph 10 of the Complaint contains allegations directed to KCI, KCI admits that the Complaint accuses the following products of infringement: Milano C5120, Milano C5121, Hydro C5170, Rise C5155, Hydro 5171, Sanyo Zio, Zio M6000 and Event C5133. KCI denies the remaining allegations of paragraph 10 of the Complaint directed to KCI, including that the accused products infringe the '619 patent. KCI states that paragraph 10 of the Complaint contains allegations directed to other defendants to which no answer is required from KCI.

11. To the extent paragraph 11 of the Complaint contains allegations directed to KCI, KCI denies those allegations. KCI states that paragraph 11 of the Complaint contains allegations directed to other defendants to which no answer is required from KCI.

12. To the extent paragraph 12 of the Complaint contains allegations directed to KCI, KCI denies those allegations. KCI states that paragraph 12 of the Complaint contains allegations directed to other defendants to which no answer is required from KCI.

## COUNT TWO
### INFRINGEMENT OF U.S. PATENT NO. 8,280,932

13. KCI admits that U.S. Patent No. 8,280,932 ("the '932 patent") is entitled "Computer System for Automatic Organization, Indexing and Viewing Multiple Objects From Multiple Sources" and issued on October 2, 2012. KCI admits that an alleged copy of the '932 patent is attached to the Complaint as Exhibit B. KCI denies all remaining allegations of paragraph 13 of the Complaint.

14. KCI is without knowledge or information sufficient to form a belief regarding the allegations of paragraph 14 of the Complaint, and on that basis denies those allegations.

15. To the extent paragraph 15 of the Complaint contains allegations directed to KCI, KCI admits that the Complaint accuses the following products of infringement: Milano C5120,

Milano C5121, Hydro C5170, Rise C5155, Hydro 5171, Sanyo Zio, Zio M6000 and Event C5133. KCI denies the remaining allegations of paragraph 15 of the Complaint directed to KCI, including that the accused products infringe the '932 patent. KCI states that paragraph 15 of the Complaint contains allegations directed to other defendants to which no answer is required from KCI.

16. To the extent paragraph 16 of the Complaint contains allegations directed to KCI, KCI denies those allegations. KCI states that paragraph 16 of the Complaint contains allegations directed to other defendants to which no answer is required from KCI.

17. To the extent paragraph 17 of the Complaint contains allegations directed to KCI, KCI denies those allegations. KCI states that paragraph 17 of the Complaint contains allegations directed to other defendants to which no answer is required from KCI.

## DEMAND FOR JURY TRIAL

KCI demands a trial by jury of any and all issues in this action so triable.

## ADDITIONAL DEFENSES

KCI asserts the following defenses without admitting or acknowledging that it bears the burden of proof as to any of them.

### FIRST ADDITIONAL DEFENSE

1. KCI has not infringed, and does not infringe, any valid and enforceable claim of the '619 or '932 patents.

### SECOND ADDITIONAL DEFENSE

2. The claims of the '619 and '932 patents are invalid for failing to meet the conditions for patentability set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

### THIRD ADDITIONAL DEFENSE

3. Plaintiff is estopped from construing the claims of the '619 and '932 patents to allege infringement of any product made, used, imported, sold or offered for sale by KCI because of admissions and/or statements made to the United States Patent and Trademark Office in the specification of, and during prosecution of, the applications leading to the issuance of the '619 and '932 patents.

### FOURTH ADDITIONAL DEFENSE

4. To the extent Plaintiff or others have failed to properly mark or give notice to KCI under 35 U.S.C. § 287, Plaintiff's claims for relief and prayer for damages are limited in whole or in part.

### FIFTH ADDITIONAL DEFENSE

5. Plaintiff is precluded from seeking recovery of its costs under the provisions of 35 U.S.C. § 288.

### SIXTH ADDITIONAL DEFENSE

6. KCI reserves the right to assert any other defenses discovery or other investigation may reveal.

### COUNTERCLAIMS

Defendant and Counterclaim-Plaintiff Kyocera Communications, Inc. ("KCI"), counterclaims against Plaintiff and Counterclaim-Defendant, Technology Innovations Associates LLC ("TIA"), as follows:

### THE PARTIES

1. KCI is a corporation incorporated under the laws of Delaware with its principal place of business at 9520 Towne Centre Drive, San Diego, California 92121.

2. Upon information and belief, TIA is a limited liability company formed under the laws of the state of Delaware with its principal place of business at 21301 S. Tamiami Trail, #320 MS 337, Estero, FL 33928.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

4. This Court has personal jurisdiction over TIA by virtue of its having consented to the jurisdiction of this Court by filing its Complaint, and because TIA was formed under the laws of Delaware.

5. Venue is proper in this District over TIA under 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

6. U.S. Patent No. 7,840,619 ("the '619 patent") is entitled "Computer System for Automatic Organization, Indexing and Viewing of Information from Multiple Sources" and issued on November 23, 2010. TIA claims that it is the sole and exclusive licensee of the '619 patent and has the exclusive right to enforce the '619 patent.

7. U.S. Patent No. 8,280,932 ("the '932 patent") is entitled "Computer System for Automatic Organization, Indexing and Viewing Multiple Objects from Multiple Sources" and issued on October 2, 2012. TIA claims that it is the sole and exclusive licensee of the '932 patent and has the exclusive right to enforce the '932 patent.

## FIRST COUNTERCLAIM
(DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 7,840,619)

8. KCI incorporates by reference paragraphs 1 through 7 of these Counterclaims.

9. By its Complaint, Plaintiff asserts that KCI has infringed the '619 patent.

10. KCI has denied Plaintiff's claim of infringement of the '619 patent, and KCI contends that it does not infringe any valid and enforceable asserted claim of the '619 patent.

11. An actual and justiciable controversy has thus arisen between Plaintiff and KCI concerning the alleged infringement of the '619 patent.

### SECOND COUNTERCLAIM
(DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 7,840,619)

12. KCI incorporates by reference paragraphs 1 through 11 of these Counterclaims.

13. By its Complaint, Plaintiff asserts that the claims of the '619 patent are valid.

14. KCI has denied this allegation and contends that the claims of the '619 patent are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

15. An actual and justiciable controversy has thus arisen between Plaintiff and KCI concerning the validity of the claims of the '619 patent.

### THIRD COUNTERCLAIM
(DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 8,280,932)

16. KCI incorporates by reference paragraphs 1 through 15 of these Counterclaims.

17. By its Complaint, Plaintiff asserts that KCI has infringed the '932 patent.

18. KCI has denied Plaintiff's claim of infringement of the '932 patent, and KCI contends that it does not infringe any valid and enforceable asserted claim of the '932 patent.

19. An actual and justiciable controversy has thus arisen between Plaintiff and KCI concerning the alleged infringement of the '932 patent.

### FOURTH COUNTERCLAIM
(DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 8,280,932)

20. KCI incorporates by reference paragraphs 1 through 19 of these Counterclaims.

21. By its Complaint, Plaintiff asserts that the claims of the '932 patent are valid.

22. KCI has denied this allegation and contends that the claims of the '932 patent are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

23. An actual and justiciable controversy has thus arisen between Plaintiff and KCI concerning the validity of the claims of the '932 patent.

## PRAYER FOR RELIEF

WHEREFORE, KCI requests that the Court enter judgment for KCI, and award it the following relief:

A. Dismiss Plaintiff's Complaint with prejudice and find that Plaintiff recovers nothing by its claims against KCI;

B. Enter judgment in favor of KCI, and against Plaintiff, on the Complaint;

C. Declare that KCI has not infringed any valid asserted claim of the '619 and '932 patents;

D. Declare that the claims of the '619 and '932 patents are invalid;

E. Find this case an exceptional case and award KCI its attorneys' fees and costs under 35 U.S.C. § 285 and all other applicable statutes, rules, and laws; and

F. Grant KCI such other and further relief as the Court deems appropriate and just under the circumstances.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Mary B. Graham*
Mary B. Graham (#2256)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
mgraham@mnat.com
   *Attorneys for Kyocera Communications, Inc.*

OF COUNSEL:

David L. Witcoff
Marc S. Blackman
JONES DAY
77 West Wacker
Chicago, IL 60601-1692
(312) 782-3939

April 25, 2013
7152301